IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jeremy Shay Sweat, #326997, | ) | Civil Action No.: 2:20-cv-04333-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Evans Correctional Institution, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Jeremy Shay Sweat, a state prisoner proceeding *pro se*,[1] filed this action pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On August 9, 2021, the Magistrate Judge issued a Report and Recommendation (ECF No. 13) recommending that the court dismiss the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.* at 3.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and dismisses Plaintiff's action. (ECF No. 1.)

I.     BACKGROUND

On December 15, 2020, Plaintiff initiated the instant action in this court alleging that Defendant denied his requests to earn a General Education Development Degree ("GED") and prevented him from filing a grievance regarding the same. (*See* ECF No. 1 at 4–6.) On the same

---

[1] "Because he is a pro se litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

1

day, Plaintiff also submitted an Application to Proceed Without Prepayment of Fees (ECF No. 2), which is construed as a motion for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1), (2). However, Plaintiff did not include an accompanying financial certificate from his correctional institution as required by 28 U.S.C. § 1915(a)(2). On February 1, 2021, the court issued an Order granting Plaintiff twenty-one (21) additional days to file a completed certificate. (ECF No. 6 at 1.) The court also warned Plaintiff that he had failed to submit the required service documents for the named defendant. (*Id.*) Accordingly, the court provided Plaintiff with a blank financial certificate, summons form, and Form USM-285, and gave him twenty-one (21) days to bring his case into proper form. (*See id.* at 1–2.)

On February 22, 2021, Plaintiff filed a letter explaining that he failed to include the requisite financial certificate with his initial filings because "the mail lady" refused to give him the form. (ECF No. 9.) The court filed a second Order on February 25, 2021, explaining that even if Plaintiff's correctional institution denied his request for the necessary materials, the court had since provided him with a blank financial certificate and additional time to complete and submit the same. (ECF No. 10 at 1.) The court then gave Plaintiff another opportunity to bring his case into proper form by filing the required documents and provided him with another blank financial certificate, summons form, and Form USM-285. (*See id.* at 1–2.) Plaintiff was again warned that failure to comply with the court's Order within twenty-one (21) days would result in a recommendation that his case be dismissed for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure. (ECF No. 10 at 1.) To date, Plaintiff has not filed a financial certificate or any service documents.[2] (ECF No. 13 at 2.) As a result, on August 9, 2021, the Magistrate Judge

---

[2] On June 29, 2021, several months after the court's second proper form Order (ECF No. 10), Plaintiff filed a letter asking for help with a motion or appeal. (ECF No. 12.) A similar letter to the Clarendon County Clerk of Court's Office (ECF No. 12-1) was attached to his filing. The

issued a Report recommending that the court dismiss this case without prejudice for failure to prosecute pursuant to Rule 41. (ECF No. 13 at 3.)

## II.   LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III.   ANALYSIS

In the Report, the Magistrate Judge observed that Plaintiff has failed to comply with the court's repeated requests to bring his case into proper form. (ECF No. 13 at 2–3.) Based on Plaintiff's failure to comply, the Magistrate Judge concluded that Petitioner does not intend to pursue the matter and on January 22, 2021, issued a Report recommending that the court dismiss this case without prejudice for failure to prosecute pursuant to Rule 41. (*Id.* at 3.) Moreover, the Magistrate Judge observed that "[s]ince filing his Complaint in the instant case, Plaintiff has been transferred to Tuberville Correctional Institution," and concluded that his allegations regarding

---

Magistrate Judge noted that the letters do not seem to be related to the instant action. (ECF No. 13 at 2–3.)

Defendant's GED policy no longer present an ongoing case or controversy for purposes of his §1983 action. (ECF No. 13 at 3 n.1 ("[W]hen a prisoner is no longer subject to an alleged unconstitutional condition, his claim for injunctive relief from said condition is moot.").)

The Magistrate Judge advised the parties of their right to file specific written objections to the Report within fourteen (14) days of the date of service. (ECF No. 10 at 3 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)).) However, neither of the parties filed any objections before the deadline.

In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on Fed. R. Civ. P. 72). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After conducting a thorough review of the Report and record in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 13), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1) pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Accordingly, Plaintiff's Motion for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 21, 2021
Columbia, South Carolina

5